

```
FILED & JUDGMENT ENTERED
Steven T. Salata


August 27 2020


Clerk, U.S. Bankruptcy Court
Western District of North Carolina
```

*Laura T. Beyer*
_____
Laura T. Beyer
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re:   Joseph C. Morrone, Jr. | ) | |
| | ) | Chapter 13 |
| SSN: xxx-xx-8720 | ) | Case No. 19-30708 |
| | ) | |
| Debtor | ) | |
| | ) | |

### ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY

**THIS MATTER** came before the court upon John Brettell's Motion for Relief from Automatic Stay and Co-Debtor Stay (the "Motion"). For the reasons set forth below, the motion for relief from stay is denied.

### FINDINGS OF FACT

1. The Debtor commenced this case on May 28, 2019, with the filing of a voluntary petition under Chapter 13 of the United States Bankruptcy Code.

2. On the petition date, the Debtor and his non-debtor spouse owned a residence located at 7018 High Oaks Drive, Matthews, North Carolina (the "Residence") as tenants by the entireties. In his Schedule D, the Debtor valued the Residence at $400,000.00.

3. On the petition date, the Residence was subject to three liens: a first-position consensual mortgage lien to TD Bank in the amount of approximately $282,499.22, a second-position consensual mortgage lien to TD Bank in the amount of approximately $34,935.10, and a judicial

lien in favor of John Brettell ("Brettell") estimated in the Debtor's petition in the amount of $57,000.00 (the "Judicial Lien").[1]

4.    The Judicial Lien encumbered the Residence as it sprung from a judgment against both the Debtor and his non-debtor spouse and was properly recorded in the Union County Public Registry under docket number 18CVS2660 before the filing of the Debtor's bankruptcy case.

5.    In his Schedule C, the Debtor claimed his homestead exemption pursuant to N.C. GEN. STAT. § 1C-1601(a)(1) in the amount of $35,000, and the Debtor's plan proposed to avoid Brettell's Judicial Lien to the extent it impaired his exemption. The Chapter 13 plan included a secured payment to Brettell of $7,500 for the Debtor's portion of the non-exempt equity in the Residence.

6.    The Debtor served notice of his bankruptcy on Brettell by serving the Lord Law Firm that was pursuing enforcement of the Judicial Lien at the time of the Debtor's bankruptcy filing. Brettell acknowledges that he received actual notice of the Debtor's bankruptcy filing on June 12, 2019.

7.    The Debtor's Chapter 13 plan was confirmed on October 24, 2019. Brettell neither filed a proof of claim nor objected to confirmation of the Debtor's Chapter 13 plan. Moreover, Brettell does not seek through his motion to set aside the confirmation order.

8.    On February 11, 2020, Brettell filed the Motion. The court conducted a hearing on the Motion on March 10, 2020. Robert Prevost appeared for the Debtor; Richard S. Wright appeared for Brettell; and Warren L. Tadlock appeared as the Chapter 13 Trustee. During the March 10 hearing, the parties agreed that the debt owed by the Debtor and his non-debtor spouse to Brettell is not a consumer debt under § 1301 of the Bankruptcy Code. Therefore, the court granted Brettell relief from the co-debtor stay. The court requested further briefing on the issues related to whether

---

[1]  According to Brettell, the amount of the underlying indebtedness as of the petition date, including principal and interest but excluding costs, was $162,221.06.

Brettell should be granted relief from the automatic stay under § 362 of the Bankruptcy Code and

continued the matter for further hearing.

### CONCLUSIONS OF LAW

9.   Because he received actual notice of the Debtor's Chapter 13 filing in time to object to

confirmation of the Debtor's plan, under United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260

(2010), Brettell is bound by the terms of the confirmed plan.

10. Brettell has argued that, by confirming the Debtor's plan, the Court has exceeded its

jurisdictional power by altering his rights to seek *in rem* relief against the non-filing spouse's

interest in the Residence. The Debtor, however, seeks pursuant to 11 U.S.C. § 522(f) to avoid

Brettell's Judicial Lien in property held as tenants by the entireties as to the Debtor's interest only.

The Debtor's interest in the Residence as entireties property is property of the estate and, for that

reason, clearly subject to the provisions of 11 U.S.C. § 522(f) and the jurisdiction of this court. See

In re Sisk, No. 11-32350, 2011 WL 6153277, at *2 (Bankr. W.D.N.C. Dec. 12, 2011); but see In

re Sorrow, No. 12-50928, 2012 WL 4608713, at *2 (Bankr. M.D.N.C. Oct. 1, 2012) (holding that

a debtor could not exempt that portion of his equity subject to a judicial lien and could not avoid

the lien under § 522(f) because the debtor's interest in the property was owned with his wife as

tenants by the entirety and half the property was not exempt from creditors).[2]  Unlike the facts in

Alvarez v. HSBC Bank USA, Nat'l Ass'n (In re Alvarez), 733 F.3d 136 (4th Cir. 2013), pursuant

to his Chapter 13 plan, the Debtor has not requested nor has the court attempted to exert jurisdiction

over the non-debtor spouse's interest in the Residence.

11. Relying on the line of cases beginning with Phillips v. Krakower, 46 F.2d 764 (4th Cir.

1931), Brettell argues that he has the right to relief from stay in order to protect his interest in the

---

[2]  Even if this court agreed with the conclusion reached by Judge Waldrep in Sorrow, pursuant to Espinosa, Brettell is bound by the avoidance of his lien as to the Debtor's interest pursuant to the terms of the Debtor's confirmed plan.

non-debtor spouse's interest in the Residence as entireties property. The Krakower line of cases, however, is distinguishable from this case. Each of the cases in the Krakower line of cases involved a Chapter 7 bankruptcy case in which the creditor would lose its right to pursue a non-filing spouse after the filing spouse received his or her Chapter 7 discharge. See, e.g., Chippenham Hosp., Inc. v. Bondurant, 716 F.2d 1057, 1057–58 (4th Cir. 1983). In Krakower, a creditor held a note on a joint debt of the filing spouse and the non-filing spouse that had not been reduced to judgment. 46 F.2d at 765. The joint creditor filed a motion for relief from stay that the court granted to allow the creditor to reduce the joint debt to a judgment that would reach the entireties property. Id.; see also S. Nat'l Bank of N.C. v. Woolard (In re Woolard), 13 B.R. 105, 107 (Bankr. E.D.N.C. 1981) ("When the debtor elects to exempt his interest in tenancy by the entirety property, a joint creditor may, prior to discharge and upon the lifting of the stay, proceed to obtain a judgment against both the debtor and his spouse to be satisfied against property held as tenants by the entirety." (citing In re Ford, 3 B.R. 559, 576 (Bankr. Md. 1980), aff'd sub nom. Greenblatt v. Ford (In re Ford), 638 F.2d 14 (4th Cir. 1981))). In the Krakower line of cases, the courts seek to avoid the "legal fraud" that would result by allowing a debtor to file a Chapter 7, receive a discharge, and consequently terminate the creditor's rights to collect a joint debt from entireties property. See, e.g., Chippenham Hosp., 716 F.2d at 1058 (quoting Krakower, 46 F.2d at 765–766).

12.    Here, Brettell obtained his judgment pre-bankruptcy, he seeks to exempt his property under the homestead exemption rather than based on the property's status as entireties property, and the Debtor has confirmed a Chapter 13 plan in which he has committed to pay Brettell the full value of the Debtor's non-exempt equity in the entireties property.[3]  With respect to the Debtor's

---

[3]  The parties disagree about the value of the property and the amount of the Debtor's non-exempt equity, but, for the purposes of this order, the confirmation of the Debtor's plan (without objection from Brettell) determined the amount of non-exempt equity.

interest in the Residence, the Debtor will pay Brettell the equivalent of what he could have recovered from the Debtor in state court.

13. By seeking to avoid the Judicial Lien under section 522(f), the Debtor's proposed plan sought to protect his interest in the Residence. In his Chapter 13 plan, he provided for the payment of his share of the non-exempt equity in the Residence. The implication of the confirmed plan is that at the completion of the plan, the debt owed to Brettell will no longer be a joint debt, and, for that reason, as entireties property, the Residence would be protected from execution by Brettell. Brettell had an opportunity to object to this treatment of his debt. He did not. As a result, he is bound by the terms of the confirmed plan.

14. Finally, the court concludes that Brettell is adequately protected by the terms of the confirmed plan. In the confirmed plan, the Debtor has provided for full payment of the value of his share of the non-exempt equity. So long as the Debtor complies with the provisions of the plan, Brettell's interest in the bankruptcy estate is adequately protected. As explained by the Bankruptcy Court for the Eastern District of Pennsylvania:

> If a confirmed plan "provides for" a secured claim—either by providing for full payment of the allowed secured claim or payments to cure the prepetition arrears—relief from the automatic stay will not be granted after confirmation of a chapter 13 plan: (1) based on events occurring prior to confirmation or a creditor's dissatisfaction with its treatment under the plan . . . or (2) because the creditor could have defeated confirmation with a timely objection. Generally, relief from the automatic stay is available to a secured creditor provided for in the plan only if the debtor defaults in his or her performance obligations under the plan.

In re Stuart, 402 B.R. 111, 123 (Bankr. E.D. Pa. 2009) (citations and footnotes omitted); see also In re Dumbuya, 428 B.R. 410, 416 (Bankr. N.D. Ohio 2009) ("Once, as here, a plan is confirmed by the court a creditor seeking relief from the stay, based upon a debtor's default in payment under a plan, must establish that the debtor's breach of the plan, itself, provides 'cause' to lift the stay.

The issue of 'adequate protection' becomes moot.").

15.    THEREFORE, for these reasons, Brettell's motion for relief from the automatic stay under 11 U.S.C. § 362(d)(1) is **DENIED**.

**This Order has been signed**                    **United States Bankruptcy Court**
**electronically. The judge's**
**signature and court's seal**
**appear at the top of the Order.**